Shuman Sohrn (Fla. Bar No. 669989)
Email: SohrnS@sec.gov
Division of Enforcement
Securities and Exchange Commission
100 F Street NE, Mail Stop 5628
Washington, D.C. 20549
Telephone: (202) 551-8472
Facsimile: (202) 304-1469

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　Plaintiff/Petitioner,<br><br>　　v.<br><br>DOUGLAS F. DRENNAN,<br><br>　　　Defendant/Respondent. | Case No. **'21CV1441 WQHKSC**<br><br>**SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER COMPELLING RESPONDENT DOUGLAS F. DRENNAN TO SHOW CAUSE WHY JUDGMENT SHOULD NOT BE ENTERED AGAINST HIM PURSUANT TO SECTION 21(e) OF THE SECURITIES EXCHANGE ACT OF 1934, SECTION 209(d) OF THE INVESTMENT ADVISERS ACT OF 1940, AND SECTION 42(d) OF THE INVESTMENT COMPANY ACT OF 1940** |

The Petitioner, Securities and Exchange Commission (the "Commission") applies to the Court for an order compelling Respondent Douglas F. Drennan ("Drennan" or "Respondent") to show cause why judgment should not be entered against him pursuant to Section 21(e) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(e)(1) ("Section 21(e)"), Section 209(d) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 (the "Investment Company Act"), 15 U.S.C. § 80a-41(d). In support of this Application, the Commission files its Declaration of Shuman Sohrn (the "Sohrn Declaration"),[1] and states as follows.

## INTRODUCTION

1.  On August 30, 2013, pursuant to Section 8A of the Securities Act of 1933 (the "Securities Act"), Section 21C of the Exchange Act, Sections 203(e), 203(f), and 203(k) of the Advisers Act, and Section 9(b) of the Investment Company Act, the Commission instituted administrative proceedings against Drennan, Ian Mausner ("Mausner"), and J.S. Oliver Capital Management, L.P. ("JS Oliver") in the administrative proceedings titled *In the Matter of J.S. Oliver Capital Management, L.P., Ian O. Mausner, and Douglas F. Drennan*, Administrative Proceeding File No. 3-15446, for various violations of the Securities Act, the Exchange Act, the Advisers Act, and the Investment Company Act.[2] *See* Initial Decision dated August 5, 2014 (the "Initial Decision").[3]

---

[1] The Sohrn Declaration is attached hereto as **Exhibit 1**.

[2] JS Oliver is no longer an active corporation or partnership, and ceased business activity years ago. Additionally, Mausner is subject to a separate administrative order, and working with the Commission on satisfying the obligations imposed in that order. Accordingly, through this Application, the Commission seeks relief as to Drennan only.

[3] A true and correct copy of the Initial Decision is attached to the Sohrn Declaration as Exhibit A.

2. After a five-day hearing and post-hearing briefings, on August 5, 2014, the Chief Administrative Law Judge entered the Initial Decision. Initial Decision at 1-2. The Initial Decision provided the respondents with the opportunity to seek review of the Initial Decision, pursuant to Rule 360 of the Commission's Rules of Practice (17 C.F.R. § 201.360), by filing a petition for review of the Initial Decision within twenty-one days after service of the same and/or by filing a motion to correct a manifest error of fact within ten days of the Initial Decision. *Id.* at 64.

3. Mausner and JS Oliver, but not Drennan, filed a petition for review of the Initial Decision on August 22, 2014, which eventually resulted in the entry of a separate administrative order against Mausner and JS Oliver.[4] Accordingly, the findings and sanctions relating to Drennan in the Initial Decision became final as to him pursuant to the Notice that Initial Decision Has Become Final entered on August 26, 2016 (the Notice and Initial Decision are referred to herein collectively as the "Drennan Administrative Order").[5]

4. Pursuant to the Drennan Administrative Order, the Commission found, *inter alia*, that Drennan willfully aided and abetted and caused JS Oliver's violations of Sections 17(a)(1) and (2) of the Securities Act; Section 10(b) of the

---

[4] After briefings and oral argument for the review sought by Mausner and JS Oliver, the Commission issued the Opinion of the Commission (the "Opinion") on June 17, 2016, which reduced the penalties ordered against Mausner and JS Oliver but otherwise substantially affirmed the Initial Decision's findings and sanctions. Mausner and JS Oliver then appealed the Opinion to the U.S. Court of Appeals for the Ninth Circuit, which remanded the case to the Commission for rehearing pursuant to *Lucia v. SEC*, 138 S. Ct. 2044 (2018). Subsequent to the appeal and remand, Mausner and JS Oliver submitted an offer of settlement (the "Consent Offer") that the Commission accepted. Pursuant to the accepted Consent Offer, Mausner and JS Oliver consented to the entry of the Mausner Administrative Order, which was entered on May 16, 2019, and imposed disgorgement and injunctive obligations on Mausner and JS Oliver. Sohrn Decl. ¶ 4.

[5] A true and correct copy of the Drennan Administrative Order is attached to the Sohrn Declaration as Exhibit B.

Exchange Act and Rule 10b-5 thereunder; and Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8 promulgated thereunder. Initial Decision at 49-51.

5. Consequently, the Commission, among other things, imposed injunctive relief against Drennan, ordered Drennan to pay disgorgement (jointly and severally with Mausner and JS Oliver), and ordered Drennan to pay a civil penalty. Drennan Administrative Order at 1-2; Initial Decision at 52-64.

6. Drennan has not complied with the Drennan Administrative Order by, *inter alia*, failing to pay timely the disgorgement and civil penalty ordered by the Drennan Administrative Order. To date, Drennan remains in default of the Drennan Administrative Order for failure to pay the ordered disgorgement and civil penalty.

7. In this summary proceeding, the Commission seeks the entry of a judgment against Drennan in the amounts ordered to be paid (less any credits for payments received), and imposing the injunctive relief awarded to the Commission in the Drennan Administrative Order.

8. Accordingly, for the reasons discussed below, the Commission's Application should be granted and the Court should order Respondent Drennan to show cause why judgment should not be entered against him pursuant to the Advisers Act, the Investment Company Act, and the Exchange Act.

**PARTIES**

9. The Commission is an agency of the United States government. The Commission's principal office is located at 100 F Street, NE, Washington, D.C. 20549. The Commission's Los Angeles Regional Office is located at 444 South Flower Street, Los Angeles, CA 90071.

10. Drennan, age 49, is a resident of San Diego County, California. Drennan was an employee of JS Oliver.

# JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to Sections 21(e) and 27 of the Exchange Act [15 U.S.C. § 78u(e) and § 78aa], and Sections 209 and 214 of the Advisers Act [15 U.S.C § 80b-9(d) and § 80b-14].

12. Venue lies in the U.S. District Court for the Southern District of California under 28 U.S.C. § 1391(b) and Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), as Drennan may be "found" or "is an inhabitant" of this District and as certain of the acts, practices, transactions, and courses of business constituting the violations found by the Drennan Administrative Order occurred within this District.[6]

# PROCEDURAL AND FACTUAL BACKGROUND

13. The Drennan Administrative Order included findings that Drennan willfully aided and abetted and caused JS Oliver's fraudulent misuse of client commission credits called "soft dollars." Initial Decision at 49. As a result, the Commission found, among other violations, that Drennan willfully aided and abetted and caused JS Oliver's violations of Sections 17(a)(1) and (2) of the Securities Act; Section 10(b) of the Exchange Act and Rule 10b-5 thereunder; and Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8 promulgated thereunder. Initial Decision at 49-51.

14. Consequently, with the Initial Decision becoming final as to Drennan, the Drennan Administrative Order ordered that, among other things: (a) pursuant to Section 8A of the Securities Act, Section 21C of the Exchange Act, and Section 203(k) of the Advisers Act, "Drennan shall cease and desist from committing or causing violations, and any future violations, of Sections 17(a)(1) and 17(a)(2) of

---

[6] Many of the violations sanctioned in the Administrative Order occurred in this District, as JS Oliver, the primary entity used by Mausner and Drennan for the violations itemized in the administrative proceeding, had its principle place of business in San Diego California.

the Securities Act; Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5; and Sections 206(1), 206(2), and 206(4) of the Advisers Act and Advisers Act Rule 206(4)-8;" (b) pursuant to Section 8A(e) of the Securities Act, Sections 21B(e) and 21C(e) of the Exchange Act, Sections 203(j) and 203(k)(5) of the Advisers Act, and Section 9(e) of the Investment Company Act, "Drennan shall disgorge, jointly and severally with [JS Oliver and Mausner], $482,381, plus prejudgment interest;" (c) pursuant to Section 21B(a) of the Exchange Act and Section 203(i) of the Advisers Act, "Drennan shall pay a civil monetary penalty in the amount of $410,000;" and (d) pursuant to Section 203(e) of the Advisers Act, "Drennan is permanently barred from association with an investment adviser, broker, dealer, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization." Drennan Administrative Order at 1-2; *see also* Initial Decision at 53-64.

15. Further, the Drennan Administrative Order ordered Drennan to pay the ordered disgorgement and civil penalty "within twenty-one days following the day this Initial Decision becomes final[.]" Initial Decision at 64.

16. Drennan defaulted under the required obligations of the Drennan Administrative Order by, *inter alia*, failing to make the required payments. Sohrn Decl. ¶¶ 7-8. To date, Drennan has not made a payment towards his disgorgement or civil penalty obligations. *Id.*

17. On October 19, 2017, the Commission issued and served upon Drennan written demand for payment and notice of intent to offset (the "Drennan TOP Letter").[7] Sohrn Decl. ¶ 8.

---

[7] A true and correct copy of the Drennan TOP Letter is attached to the Sohrn Declaration as Exhibit C.

18.     Despite notice and demand through the Drennan TOP Letter, Drennan has not made the necessary payment(s) on the disgorgement and civil penalty imposed by the Drennan Administrative Order.  Sohrn Decl. ¶ 8.

19.     As of July 30, 2021, Drennan owes the following amounts pursuant to the Drennan Administrative Order: (a) $274,975.91[8] in disgorgement (including accrued post-order interest of $23,559.91 through July 30, 2021, but less a credit for a payment received from Mausner in the amount of $230,965), with a per diem interest of $22.46; and (b) $430,204.02 in civil penalties (including accrued post-order interest of $20,204.02 through July 30, 2021), with a per diem interest of $11.23.  Sohrn Decl. ¶ 9.

## ARGUMENT AND CLAIM FOR RELIEF

20.     Section 21(e) of the Exchange Act allows the Commission to bring an action in federal district court to seek compliance with Commission orders. Specifically, the Exchange Act provides as follows: "Upon application of the Commission the district courts of the United States ... shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding ... any person to comply with the provisions of this title, the rules, regulations, and orders thereunder[.]"  15 U.S.C. §78u(e).  *See also Lang v. French*, 154 F.3d 217, 222 (5th Cir. 1998) ("we reiterate that the Exchange Act … explicitly provides for district court jurisdiction over actions brought to enforce SEC-ordered sanctions").[9]

---

[8] This figure represents Drennan's remaining disgorgement obligation as of July 30, 2021. Mausner, who has joint and several liability for Drennan's disgorgement, previously made a payment totaling $230,965, which has been credited towards Drennan's disgorgement obligation.  Since that payment, neither Drennan nor Mausner have made any other payments towards disgorgement.

[9] The Commission has authority under Section 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act to seek the relief sought in this Application as well.  For example, Section 209(d) of the Advisers Act provides the Commission with the ability to enforce its administrative orders through the federal court: "Whenever it shall appear to the Commission that any person has engaged, is engaged, or is about to engage in any act or practice constituting a violation of any provision of this subchapter, or of any rule,

(Con't.)

21.     Under these provisions, the Commission "may ... seek ... 'orders' from the federal courts commanding any person to comply with, *inter alia*, 'the provisions of [the federal securities laws], the rules, regulations, and orders thereunder." *Fiero v. Financial Industry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011).  These provisions vest the Commission "with authority to apply to the district court for orders commanding compliance with the SEC orders." *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), citing *Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

22.     This provision authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003).  In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'" 322 F.3d at 659.

23.     These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).  Thus, this proceeding is properly commenced by service of the moving papers and an order to show cause.

---

regulation, or order hereunder, or that any person has aided, abetted, counseled, commanded, induced, or procured, is aiding, abetting, counseling, commanding, inducing, or procuring, or is about to aid, abet, counsel, command, induce, or procure such a violation, it may in its discretion bring an action in the proper district court of the United States, or the proper United States court of any Territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices and to enforce compliance with this subchapter or any rule, regulation, or order hereunder."

24.     Importantly, Drennan may not challenge the validity of the Drennan Administrative Order. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy*, 322 F.3d at 658. Moreover, Drennan waived any challenges to the Drennan Administrative Order by not seeking a review of the Initial Decision, or an appeal of the Opinion.

25.     Nevertheless, in this summary proceeding, Drennan will be afforded an opportunity to be heard on the issue of whether, and to what extent, he has paid or failed to pay the amounts due as set forth in the Drennan Administrative Order. *See SEC v. McCarthy*, 322 F.3d, at 659-660 (Section 21(e) "authorizes the use of summary proceedings to enforce SEC orders in district court" and affords the respondent an opportunity to be heard on the issues raised in the application). The proposed order to show cause provides Drennan with an opportunity to appear before this Court and be heard, satisfying all due process requirements.

## CONCLUSION

For the reasons set forth herein, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause,[10] directing Respondent Drennan to show cause why this Court should not enter an Order or Judgment enforcing compliance with the Drennan Administrative Order.

II.

That the Court thereafter enter a Judgment enforcing the Drennan Administrative Order against Respondent Drennan, including its non-monetary

---

[10] A proposed Order to Show Cause is attached hereto as **Exhibit 2**. A proposed Final Judgment is attached hereto as **Exhibit 3**.

terms, and specifically requiring (a) Respondent Drennan to pay disgorgement in the amount of $274,975.91, plus post-order interest from July 31, 2021 through the entry of judgment; and (b) Respondent Drennan to pay a civil penalty in the amount of $430,204.02, plus post-order interest from July 31, 2021 through the entry of judgment.

### III.

That the Court order such relief as may be necessary for enforcement of any order of this Court pursuant to Federal Rule of Civil Procedure 69 and the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308, as applicable.

### IV.

That the Court retain jurisdiction as appropriate to assure and compel compliance with the orders entered herein, and order such other and further relief as may be just and proper.

Dated: August 16, 2021
Washington, D.C.

Respectfully submitted,

*/s/ Shuman Sohrn*
Shuman Sohrn (Fla. Bar No. 669989)
sohrns@sec.gov
Attorneys for Applicant
U.S. Securities and Exchange Commission
100 F Street, N.E., Mail Stop 5628
Washington, D.C. 20549
(202) 551-8472 (Phone)
(202) 304-1469 (Fax)